*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

LEJUAN ALLEN BUFORD,

Defendant-Appellant.

UNPUBLISHED
January 14, 2026
9:56 AM

No. 369971
Berrien Circuit Court
LC No. 2021-003804-FH

Before: CAMERON, P.J., and KOROBKIN and BAZZI, JJ.

PER CURIAM.

Defendant appeals his jury-trial convictions of keeping or maintaining a drug house, MCL 333.7405(1)(d); MCL 333.7406, second offense, MCL 333.7413(2).[1] We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arose after police executed a search warrant on the basis of a tip from a confidential informant at a home in Benton Harbor, Michigan. Police encountered defendant in the home and found about 15 ounces of marijuana, which defendant testified was for his personal use. The marijuana was contained in 15 individual bags, containing about one ounce each. At the end of trial, the trial court instructed the jury that the prosecution had to prove the elements of keeping or maintaining a drug house beyond a reasonable doubt that: (1) defendant knowingly kept or maintained a dwelling, (2) the dwelling was used for illegally keeping or selling controlled substances, and (3) defendant knew the dwelling was frequented or used for such purposes.

During deliberation, the jury sought clarification on the second element, asking: "What is the legal amount of marijuana you can have in your dwelling versus on your person?" The trial court read a portion of MCL 333.27955 to the jury and explained that "within the dwelling you

---

[1] The jury acquitted defendant of possession with intent to sell or deliver marijuana, MCL 333.7401(2)(d)(*iii*).

can possess 10 ounces or less." The jury found defendant guilty of keeping or maintaining a drug house, but the trial court did not enter the verdict. It instructed the parties to brief the issue of whether the prosecution could bring the charge at all, given specific provisions of the Michigan Regulation and Taxation of Marijuana Act (MRTMA),[2] MCL 333.27951 *et seq.*, precluding punishment beyond civil infractions in certain circumstances.

The trial court determined that, reading two separate provisions of the MRTMA together, defendant could be properly charged under MCL 333.7405(1)(d). It upheld the jury's verdict and sentenced defendant to serve 30 days in jail. Defendant now appeals.

## II. MRTMA

Defendant first argues that his conviction is invalid because the MRTMA implicitly repealed the keeping-or-maintaining-a-drug-house statute because the provisions cannot be read in harmony. We disagree.

### A. STANDARD OF REVIEW

"Questions of statutory interpretation are reviewed de novo." *People v Feezel*, 486 Mich 184, 205; 783 NW2d 67 (2010). This Court interprets laws passed by initiative by determining the intent of the electorate, rather than the intent of the Legislature. *People v Hartwick*, 498 Mich 192, 210; 870 NW2d 37 (2015). Our "interpretation is ultimately drawn from the plain language of the statute, which provides the most reliable evidence of the electors' intent." *Id.* (quotation marks and citation omitted).[3]

### B. LEGAL FRAMEWORK

Under MCL 333.7405(1)(d), an individual may not "[k]nowingly keep or maintain . . . a dwelling . . . or place that is frequented by persons using controlled substances in violation of this article for the purpose of using controlled substances or that is used for keeping or selling controlled substances in violation of this article." A person who violates this statute is subject to a possible civil fine, misdemeanor, or imprisonment. MCL 333.7406.

At issue in this case are three provisions of the MRTMA. MCL 333.27955 provides, in relevant part:

---

[2] The MRTMA uses the spelling "marihuana." When not directly quoting the Act, this opinion uses the spelling "marijuana."

[3] We note that defendant frames some of his argument under an insufficient-evidence argument. But this argument relies on his contention that there was insufficient evidence that he was "illegally keeping" marijuana because of the protections afforded by the MRTMA. As will be discussed, defendant was not protected under the MRTMA. Thus, we need not address his sufficiency-of-the-evidence argument.

1. Notwithstanding any other law or provision of this act, and except as otherwise provided in section 4 of this act, the following acts by a person 21 years of age or older are not unlawful, are not an offense, are not grounds for seizing or forfeiting property, are not grounds for arrest, prosecution, or penalty in any manner, are not grounds for search or inspection, and are not grounds to deny any other right or privilege:

* * *

(b) within the person's residence, possessing, storing, and processing not more than 10 ounces of marihuana and any marihuana produced by marihuana plants cultivated on the premises and cultivating not more than 12 marihuana plants for personal use, provided that no more than 12 marihuana plants are possessed, cultivated, or processed on the premises at once

* * *

2. Notwithstanding any other law or provision of this act, except as otherwise provided in section 4 of this act, the use, manufacture, possession, and purchase of marihuana accessories by a person 21 years of age or older and the distribution or sale of marihuana accessories to a person 21 years of age or older is authorized, is not unlawful, is not an offense, is not grounds for seizing or forfeiting property, is not grounds for arrest, prosecution, or penalty in any manner, and is not grounds to deny any other right or privilege.

Section 4, MCL 333.27954(*i*), provides:

This act does not authorize:

(*i*) Possessing more than 2.5 ounces of marihuana within a person's place of residence unless the excess marihuana is stored in a container or area equipped with locks or other functioning security devices that restrict access to the contents of the container or area.

Finally, section 15, MCL 333.27965(2) provides:

A person who commits any of the following acts, and is not otherwise authorized by this act to conduct such activities, may be punished only as provided in this section and is not subject to any other form of punishment or disqualification, unless the person consents to another disposition authorized by law:

* * *

2. Except for a person who engaged in conduct described in section 4, a person who possesses not more than twice the amount of marihuana allowed by section 5, cultivates not more than twice the amount of marihuana allowed by section 5, delivers without receiving any remuneration to a person who is at least 21 years of age not more than twice the amount of marihuana allowed by section 5,

or possesses with intent to deliver not more than twice the amount of marihuana allowed by section 5:

(a) for a first violation, is responsible for a civil infraction and may be punished by a fine of not more than $500 and forfeiture of the marihuana;

(b) for a second violation, is responsible for a civil infraction and may be punished by a fine of not more than $1,000 and forfeiture of the marihuana;

(c) for a third or subsequent violation, is guilty of a misdemeanor and may be punished by a fine of not more than $2,000 and forfeiture of the marihuana.

## C. ANALYSIS

Defendant argues that, because he violated section 5 by having more than 10, but less than 20, ounces of marijuana, section 15 provides the exclusive punishment for his actions to be a civil infraction. But defendant neglects the first part of section 15, which explains that the subsequent civil infraction punishments apply: "*Except for a person who engaged in conduct described in section 4*[.]" MCL 333.27965(2) (emphasis added). As the trial court noted, defendant was "engaged in conduct described in section 4" because he had more than 2.5 ounces of marijuana in his home not "stored in a container or equipped with locks or other functioning security devices that restrict access to the contents of the container or area." MCL 333.27954(*i*). The marijuana was found in defendant's bedroom "laying on a pile of clothes[,]" and defense counsel conceded that the drugs were not in a container. Accordingly, defendant's possession of 15 ounces of marijuana did not fall within the protective scope of the MRTMA, meaning he was, indeed, "illegally keeping" marijuana, a Schedule 1 controlled substance under MCL 333.7212(1)(c), in the home. Accordingly, MCL 333.7405(1)(d) does not conflict with the MRTMA in this case.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that defense counsel was ineffective for failing to request a jury instruction regarding the MRTMA and for failing to move to suppress the search warrant. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

"Whether a defendant has received ineffective assistance of counsel is a mixed question of fact and constitutional law." *People v Yeager*, 511 Mich 478, 487; 999 NW2d 490 (2023). "Constitutional questions of law are reviewed de novo, while findings of fact are reviewed for clear error." *People v Spaulding*, 332 Mich App 638, 656; 957 NW2d 843 (2020). But defendant never moved for a new trial or evidentiary hearing in the trial court, *People v Head*, 323 Mich App 526, 538-539; 917 NW2d 752 (2018), nor did he move this Court to remand for a *Ginther*[4] hearing, *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). As such, his ineffective-

---

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

assistance claims are unpreserved, and our review is limited to errors apparent on the record. *Spaulding*, 332 Mich App at 656.

## B. LEGAL FRAMEWORK

"Both the United States and Michigan constitutions provide that the accused shall have the right to counsel for his defense." *People v Aceval*, 282 Mich App 379, 386; 764 NW2d 285 (2009), citing US Const, Am VI and Const 1963, art 1, § 20. The right to counsel necessarily includes a defendant's right to the effective assistance of counsel. *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). To obtain a new trial on the basis of ineffective assistance of counsel, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that that outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "Effective assistance of counsel is presumed, and a defendant bears a heavy burden to prove otherwise." *People v Traver (On Remand)*, 328 Mich App 418, 422; 937 NW2d 398 (2019) (quotation marks and citation omitted).

## C. JURY INSTRUCTION

Regarding the MRTMA-jury-instruction argument, defendant contends that, had counsel properly sought, and obtained, a MRTMA jury instruction, it is likely the jury would not have convicted him. This argument is premised on defendant's contention that the MRTMA protected him from being charged with keeping or maintaining a drug house. As explained, it does not. Thus, any request for a related jury instruction would have been futile, and trial counsel is not ineffective for failing to raise a futile objection or advance a meritless argument. *People v Isrow*, 339 Mich App 522, 532; 984 NW2d 528 (2021).

## D. SEARCH WARRANT

As for defendant's search-warrant argument, when reviewing a magistrate's decision that probable cause existed, we consider "whether a reasonably cautious person could have concluded that there was a 'substantial basis' for the finding of probable cause." *People v Russo*, 439 Mich 584, 603; 487 NW2d 698 (1992). When there is a challenge to the search warrant, the reviewing court must read the affidavit in support of the search warrant "in a common sense and realistic manner, not a crabbed or hypertechnical manner." *People v Mullen*, 282 Mich App 14, 27; 762 NW2d 170 (2008) (quotation marks and citations omitted). "A magistrate's finding of probable cause and his or her decision to issue a search warrant should be given great deference and only disturbed in limited circumstances." *People v Franklin*, 500 Mich 92, 101; 894 NW2d 561 (2017).

"A search warrant may only be issued upon a showing of probable cause," which "exists if there is a substantial basis for inferring a fair probability that contraband or evidence of a crime exists in the stated place." *People v Unger*, 278 Mich App 210, 244; 749 NW2d 272 (2008). See also MCL 780.651. An affidavit in support of a search warrant may rely on information obtained from an unnamed informant, but must include "affirmative allegations from which the judge or district magistrate may conclude that the person spoke with personal knowledge of the information and either that the unnamed person is credible or that the information is reliable."

MCL 780.653(b). "The fact that the police previously had utilized information provided by a particular informant in other warrant requests with successful results provides . . . support for the magistrate to conclude that the informant is credible and reliable." *People v James*, 327 Mich App 79, 91; 932 NW2d 248 (2019) (quotation marks, brackets, and citation omitted).

The officer who prepared the affidavit in support of the warrant detailed the confidential informant's credibility. The informant properly identified defendant by name and by photograph. They confirmed the address of the home, and reported observing defendant handle a firearm and multiple drug transactions. The affidavit further stated that the informant had worked with law enforcement for more than 10 months and had provided accurate information on seven prior occasions that led to the discovery of firearms and drugs. These facts provided "affirmative allegations" establishing that the confidential informant "spoke with personal knowledge of the information" and that they were credible. MCL 780.653(b). A reasonably cautious person could conclude that there was a substantial basis for finding probable cause to support the search warrant. *Russo*, 439 Mich at 603. Because there was sufficient probable cause to support the warrant, any objection by defense counsel would have been futile, and, again, the failure to raise a futile objection does not constitute ineffective assistance of counsel. *Isrow*, 339 Mich App at 532.

Affirmed.

/s/ Thomas C. Cameron
/s/ Daniel S. Korobkin
/s/ Mariam S. Bazzi